In the Matter of the Application of the TRANSIT CONSTRUCTION COMMISSION, Acting for and on Behalf of the CITY OF NEW YORK, Respondent, Pursuant to Chapter 4 of the Laws of 1891, etc., Relative to Acquiring an Estate in Fee Simple Absolute in and to Certain Premises Situated Between Peartree Avenue, etc., in the Borough of Queens, City of New York, etc. DEGNON REALTY AND TERMINAL IMPROVEMENT COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

HANNAH D. JACKSON, Appellant, v. ABRAHAM JACKSON, Respondent.— Order denying physical examination of defendant affirmed, without costs. No opinion. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

MAURICE KATZ, Appellant, v. HARTFORD LUNCH COMPANY, Respondent.— Judgment and order reversed on the law and the facts, and new trial granted, costs to abide the event. Upon the facts shown, uncontradicted by defendant, plaintiff was entitled at least to nominal damages, and to be reimbursed for reasonable disbursements for medical services. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

EDMUND A. LEIN, Respondent, v. ALFRED C. VIEHMANN and Another, Appellants, and Others, Defendants.— Order of compulsory reference reversed and new trial granted before the court, with ten dollars costs and disbursements to appellants. There is nothing in the pleadings in this mechanic's lien action to show that the trial will involve a long account under the authorities,* and up to the time the order of reference was made there was nothing in the evidence to take the case out of the ordinary procedure in such cases. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

FLORENCE LUHRS, Appellant, v. JOHN A. HEIM and MAX MARSCHARK, Respondents.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. No case for changing the place of trial for the convenience of witnesses is made by the defendants' affidavits. The fact that the cause of action arose in New York county does not alone furnish a sufficient reason for changing the place of trial, and witnesses would not be unduly inconvenienced in going from the Presbyterian Hospital to the Court House in Long Island City. It does not appear in the affidavits that either of the defendants resides in New York county, and if they do they have not complied with the requirements of rule 146 of the Rules of Civil Practice. Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ., concur.

WILHELMINA S. PALMERTIER, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Kelly, Manning, Kelby and Young, JJ.

---

* See Civ. Prac. Act, § 466; Code Civ. Proc. § 1013.— [REP.